IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Jason Matherly (278343), )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DeKalb County Jail, et al., )<br>)<br>Defendants. ) | Case No. 18 CV 00369<br><br>Judge Philip G. Reinhard |

## ORDER

Plaintiff's application for leave to proceed *in forma pauperis* [3] is granted. The court authorizes and orders the trust fund officer at plaintiff's place of incarceration to deduct $6.80 from plaintiff's account for payment to the Clerk of Court as an initial partial payment of the filing fee, and to continue making monthly deductions in accordance with this order. However, the court summarily dismisses the complaint on initial review pursuant to 28 U.S.C. § 1915A for failure to state a colorable federal claim. The case is terminated. The court directs the Clerk of Court to enter final judgment. This dismissal counts as one of plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g). Dismissal is without prejudice to pursuing any avenue of relief that may be available in the state court system.

## STATEMENT

Plaintiff Jason Matherly, currently an inmate at the Kendall County Jail, brings this *pro se* civil rights action purportedly pursuant to 42 U.S.C. § 1983. Plaintiff claims that he stumbled, fell, and injured himself while exiting from a DeKalb County Jail transport vehicle. Plaintiff faults the deputy who was escorting him, alleging that the officer failed to raise the car seat for him. For the reasons set forth in this order, the court grants plaintiff's motion for leave to proceed *in forma pauperis*, but summarily dismisses the complaint on initial review for failure to state an actionable federal claim.

Plaintiff has demonstrated that he is unable to prepay the statutory filing fee. The court therefore grants his application for leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. §§ 1915(b)(1) and (2), the court orders: (1) plaintiff to immediately pay (and the facility having custody of him to automatically remit) $6.80 to the Clerk of Court for payment of the initial partial filing fee and (2) plaintiff to pay (and the facility having custody of him to automatically remit) to the Clerk of Court twenty percent of the money he receives for each calendar month during which he receives $10.00 or more, until the $350 filing fee is paid in full. The court directs the Clerk of Court to ensure that a copy of this order is mailed to each facility where plaintiff is housed until the filing fee has been paid in full. All payments shall be sent to the

1

Clerk of Court, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify plaintiff's name and the case number assigned to this case.

However, under 28 U.S.C. §§ 1915(e)(2) and 1915A(a), the court is required to screen *pro se* prisoners' complaints and dismiss the complaint, or any claims therein, if the court determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Jones v. Bock,* 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).

Courts screen prisoner litigation claims in the same manner as ordinary motions to dismiss under FED. R. CIV. P. 12(b)(6). *See Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011). A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *See Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted).

Under federal notice pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570). "In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.,* 709 F.3d 662, 665-66 (7th Cir. 2013). Courts also construe *pro se* complaints liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam).

A plaintiff is not required to plead facts in the complaint to anticipate and defeat affirmative defenses. *Independent Trust Corp. v. Stewart Info. Serv. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). But a plaintiff can plead himself or herself out of court by pleading facts that undermine the allegations set forth in the complaint. *See, e.g., Whitlock v. Brown*, 596 F.3d 406, 412 (7th Cir. 2010) (citations omitted) ("A judicial admission trumps evidence. This is the basis of the principle that a plaintiff can plead himself out of court.").

**Facts**

Plaintiff's Statement of Claim reads in its entirety as follows:

> In the month of March 2017 I was returning from court in the custody of Deputy Schults and two other inmates whos[e] name[s] I do not know. When the other two inmates got out of the mini-van, I was instructed by Deputy Schults to climb through the seats instead of raising the seat like the deputy was supposed to do. He left it down. So as I climbed out, my

> shackle was caught by the seat, causing me to fall and smack my head and shoulder on the ground, causing me to be in great pain.
>
> I feel that I should be fin[an]cially compensated for the negligen[ce] of the officer and that any doctor bills related to this incident be paid for.

[1], p. 4.

**Analysis**

Even accepting plaintiff's factual allegations as true, the court finds that the complaint fails to state a plausible claim for relief under 42 U.S.C. § 1983. It is most regrettable that plaintiff fell and injured himself. However, the matter implicates no constitutional right, and the court is satisfied that the complaint could not be saved by amendment.

Plaintiff does not state a cause of action under 42 U.S.C. § 1983 on the basis of the facts alleged. The Fourteenth Amendment's Due Process Clause governs conditions of confinement claims brought by pretrial detainees. *See Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015). The Eighth Amendment standard applies to Fourteenth Amendment claims, as "detainees are entitled to no less protection than prisoners whose treatment must meet the standards of the Eighth Amendment." *King v. Kramer*, 680 F.3d 1013, 1017 (7th Cir. 2012); *see also Phillips v. Sheriff of Cook Cnty.*, 828 F.3d 541, 554 n. 31 (7th Cir. 2016) (reaffirming that the Eighth Amendment standard governs claims by pretrial detainees notwithstanding *Kingsley v. Hendrickson*, --- U.S. ---, 35 S. Ct. 2466, 2475 (2015), which holds that the due process standard for pretrial detainee excessive force claims is less demanding than the Eighth Amendment standard for prisoners).

A federal claim arises regarding an inmate's treatment where the plaintiff can demonstrate that jail officials "kn[e]w of and disregard[ed] an excessive risk to inmate health." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). Negligence—even gross negligence—is insufficient to state a claim under 42 U.S.C. § 1983. *King*, 680 F.3d at 1018; *see also Rosario v. Brawn*, 670 F.3d 816, 821 (7th Cir. 2012) (collecting cases); *Miller v. Kienlen*, No. 14 CV 0031, 2017 WL 951342, at *9 (N.D. Ill. Mar. 10, 2017) (Gottschall, J.) (negligence is not actionable as a deliberate indifference claim) (citation omitted). "[N]ot every injury suffered by a detainee violates his civil rights." *Fisher v. Lovejoy*, 414 F.3d 659, 661-62 (7th Cir. 2005). Rather, to establish a claim of constitutionally deliberate indifference, as opposed to mere negligence, an inmate must provide facts allowing the inferences that (1) he faced circumstances perilous enough to constitute "an unreasonable risk of serious damage to his future health," and (2) jail personnel acted with deliberate indifference to that danger. *Anderson v. Morrison*, 835 F.3d 681, 682-83 (7th Cir. 2016) (citations omitted).

Here, plaintiff has not provided facts arguably demonstrating a constitutionally serious safety threat. The courts have repeatedly held that slippery floors and similar hazards generally do not present a risk serious enough to inmate safety to implicate constitutional concerns. *See, e.g., Pyles v. Fahim*, 771 F.3d 403, 410-11 (7th Cir. 2014) (agreeing that the "hazard" presented by stairs rendered slippery by inmates' wet shower shoes, without more, "is not sufficiently

3

serious to invoke the Eighth Amendment"); *see also Scott v. Scott*, No. 14 CV 3229, 2014 WL 6704583, at *2 (C.D. Ill. Nov. 26, 2014) (holding that directing detainee to exit transport van onto light-weight stepping stool while shackled stated, at best, state-law negligence claim properly brought in state forum where detainee fell and injured himself in the process); *Farmer v. Brennan*, 511 U.S. 825, 835-36 (1994) (reiterating that "deliberate indifference entails something more than mere negligence.").

In the instant case, plaintiff asserts only that he had to wriggle through a narrow space to exit the transport vehicle because defendant failed to raise the seat up for him. Plaintiff indicates that he was shackled, and the court additionally assumes for purposes of threshold review that plaintiff received no assistance getting out of the van. Nevertheless, the complaint does not support an inference that plaintiff faced an unreasonable risk of serious harm—after all, inmates in restraints are transported to court appearances and other destinations nearly every day. Nor does he plausibly allege deliberate indifference. There is no indication that defendant was aware of a dangerous obstacle, or that that he ignored a complaint or a request for help. To the contrary, plaintiff specifically asserts that defendant was merely negligent. But again, in order to state a claim in federal court, plaintiff would have had to show indifference—which is akin to criminal recklessness, *see Fisher*, 414 F.3d at 662—and not just negligence on the part of jail officials. A negligence claim belongs in the state court system.

In sum, under the circumstances of this case, the court cannot find that plaintiff has a potential federal cause of action under 42 U.S.C. § 1983 or any other federal statute. Furthermore, the court concludes that allowing plaintiff to submit an amended complaint elaborating on his claim would be a fruitless exercise. Although leave to amend should be "freely given when justice so requires," *see* Rule 15(a)(2), district courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to defendants, or where amendment would be futile. *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008). The court concludes that no reasonable person could infer deliberate indifference to a substantial risk of serious harm on the basis of these facts. This case presents an unremarkable mishap where defendant could be accused, at worst, of negligence. Accordingly, the court summarily dismisses the complaint on preliminary review pursuant to 28 U.S.C. § 1915A for failure to state a colorable federal claim.

For the foregoing reasons, this suit is dismissed for failure to state a claim upon which relief may be granted. The court directs the Clerk of Court to enter final judgment. Dismissal is without prejudice to pursuing any avenue of relief that may be available in the state court system.

The court assesses plaintiff a "strike" pursuant to 28 U.S.C. § 1915(g). If plaintiff wishes to appeal, he must file a notice of appeal with this court within thirty days of the entry of judgment. *See* FED. R. APP. P. 4(a)(1). If plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. *See Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998). If the Court of Appeals should find the appeal to be non-meritorious, plaintiff could be assessed a "strike" under 28 U.S.C. § 1915(g). If a prisoner accumulates three "strikes" because three federal cases or appeals have been dismissed as frivolous or malicious, or for failure to state a claim, the prisoner may not file suit in federal court without pre-paying the

filing fee unless he or she is in imminent danger of serious physical injury. *Id.* If plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* in this court. *See* FED. R. APP. P. 24(a)(1).

Plaintiff need not file a motion to reconsider this court's ruling to preserve his appellate rights. However, if plaintiff wishes the court to reconsider its judgment, he may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment. *See* FED. R. CIV. P. 59(e). The time to file a motion pursuant to Rule 59(e) cannot be extended. *See* FED. R. CIV. P. 6(b)(2). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. *See* FED. R. APP. P. 4(a)(4)(A)(iv). Any Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. *See* FED. R. CIV. P. 60(c)(1). The time to file a Rule 60(b) motion cannot be extended. *See* FED. R. CIV. P. 6(b)(2). A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. *See* FED. R. APP. P. 4(a)(4)(A)(vi).

Date: 1/24/2018                                    ENTER:

*Philip G. Reinhard*
United States District Court Judge

Docketing to Mail Notices. (LC)